*HH N 5*

**RECEIVED**
6-11-2008
JUN 11 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JOHN R. Garcia

_____

_____

(Name of the plaintiff or plaintiffs)

U.S. Postal Service
John E. Potter
Postmaster General

(Name of the defendant or defendants)

CIVIL ACTION

**08CV3366**
**JUDGE ASPEN**
**MAG. JUDGE NOLAN**

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is John R. Garcia _____ of the county of Cook _____ in the state of Ill.

3. The defendant is John E Potter US Postal Service, whose street address is 475 L'Enfant Plaza South West,

(city)_____ (county)_____ (state) Wash D.C., (ZIP) 20260

(Defendant's telephone number)   (   ) - _____

4. The plaintiff sought employment or was employed by the defendant at (street address)

Hazel Crest Post Office _____ (city) Hazel Crest
(county) Cook (state) IL. (ZIP code) 60429-9998

5. The plaintiff [*check one box*]

   (a) ☐  was denied employment by the defendant.

   (b) ☐  was hired and is still employed by the defendant.

   (c) ☑  was employed but is no longer employed by the defendant.

6.  The defendant discriminated against the plaintiff on or about, or beginning on or about,
    (month) *July* , (day) *22* , (year) *2004*.

7.1  *(Choose paragraph 7.1 or 7.2, do not complete both.)*

     (a) The defendant is not a federal governmental agency, and the plaintiff  [*check
                                        filed a charge or charges against the defendant
      *one box*]  ☐ *has not* ☐ *has*
asserting the acts of discrimination indicated in this complaint with any of the following
government agencies:

     (i)  ☐ the United States Equal Employment Opportunity Commission, on or about
          (month) *August* (day) *19* (year) *2004*.

     (ii)  ☐ the Illinois Department of Human Rights, on or about
          (month)_____ (day)_____ (year)_____.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is

attached.  ☑ YES.    ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois
Department of Human Rights to cross-file with the other agency all charges received.  The
plaintiff has no reason  to believe that this policy was not followed in this case.

7.2  The defendant is a federal governmental agency, and
    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the
    defendant asserting the acts of discrimination indicated in this court complaint.

        ☑  Yes (month) *August* (day) *19* (year) *2004*

        ☐  No, did not file Complaint of Employment Discrimination

2.  The plaintiff received a Final Agency Decision on (month) *February*
    (day) *19* (year) *2008*.

c.  Attached is a copy of the

    a.  Complaint of Employment Discrimination,
        ☑ YES  ☐ NO, but a copy will be filed within 14 days.

    (ii) Final Agency Decision

        ☑ YES  ☐ NO, but a copy will be filed within 14 days.

8.      *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a
Notice of Right to Sue.

(b) ☑ the United States Equal Employment Opportunity Commission has issued a
*Notice of Right to Sue*, which was received by the plaintiff on
(month) __MAY__ (day) __23__ (year) __2008__ a copy of which *Notice*
is attached to this complaint.

9.      The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☑ Age (Age Discrimination Employment Act).
(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)
(d) ☑ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)
(g) ☑ Sex (Title VII of the Civil Rights Act of 1964)

10.     If the defendant is a state, county, municipal (city, town or village) or other local
governmental agency, plaintiff further alleges discrimination on the basis of race, color,
or national origin (42 U.S.C. § 1983).

11.     Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII
claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for
42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117;
for the Rehabilitation Act, 29 U.S.C. § 791.

12.     The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.
(b) ☑ terminated the plaintiff's employment.
(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): _Previns EEO Filing_ _____

_____

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

_Listed of the Notice of Appeal/Petition To EEOC, Copy in closed, March 6, 2008_

_____

_____

_____

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES   ☑ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☑ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☑  Direct the defendant to (specify): *All Loss wages Compensation*

_____

_____

_____

(g) ☑  If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑  Grant such other relief as the Court may find appropriate.

(Plaintiff's signature) *John R. Garcia*    *John R. Garcia*

(Plaintiff's name) *John R. Garcia*

(Plaintiff's street address) *426 Greenbay*

(City) *Calumet*   (State) *FL*  (ZIP) *60409-2508*

(Plaintiff's telephone number) *(708)* – *868-3346*

Date: *6-11-08*

## LOCAL RULES 5.2 — 5.4

### LR5.2.    Form of Papers Filed

(a)    PAPER AND FONT SIZE. Each document filed shall be flat and unfolded on opaque, unglazed, white paper approximately 8 ½ x 11 inches in size. It shall be plainly written, or typed, or printed, or prepared by means of a duplicating process, without erasures or interlineations which materially deface it. It shall be bound or secured on the top edge of the document. Where the document is typed, line spacing will be at least 1½ lines. Where it is typed or printed, (1)    the size of the type in the body of the text shall be 12 points and that in footnotes, no less than 11 points, and (2)    the margins, left-hand, right-hand, top, and bottom, shall each be 1 inch.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

John R. Garcia,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 0120081887

Agency No. 4J604014204

Hearing No. 210-2005-00150X

## DECISION

Pursuant to 29 C.F.R. § 1614.405, the Commission accepts complainant's appeal from the agency's February 19, 2008 final order concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.,* and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*

At the time of the events at issue, complainant was employed by the agency as a Distribution Window Clerk, PS-5, at the Hazel Crest Post Office in Hazel Crest, Illinois. On August 19, 2004, complainant filed an EEO complaint in which he alleged that the agency discriminated against him on the bases of national origin (Mexican), sex (male), age (45), and reprisal for prior protected EEO activity when, on July 23, 2004, the agency issued him a notice of emergency placement in off duty status, and when he was issued a notice of removal on September 13, 2004.

Following an investigation into the complaint, complainant requested a hearing before an EEOC Administrative Judge (AJ). The AJ issued a decision by summary judgment in favor of the agency. Complainant appealed. On June 21, 2007, the Commission reversed the AJ's decision, concluding the judgment as a matter of law should not have been granted in this case as the record contained genuine issues of material fact that needed to be resolved at a hearing.

*Garcia v. United States Postal Service*, EEOC Appeal No. 0120054988. The case was remanded for the scheduling of a hearing. A hearing was held on January 17, 2008, and on February 12, 2008, the AJ issued a decision concluding that complainant had failed to prove, by a preponderance of the evidence, that discrimination had occurred. The agency issued its final action on February 19, 2008, fully implementing the AJ's decision. It is from this decision that complainant now appeals.

In his decision, the AJ assumed that complainant established a *prima facie* case of discrimination, and found that the agency articulated legitimate, nondiscriminatory reasons for its actions. In doing so, the AJ made specific findings about the credibility of the agency's witnesses. The AJ found that the agency stated that from November 2003 through July 2004, during a mandatory quarterly audit, a retail stock shortage of approximately $800.00 was discovered at the Hazel Crest Post Office. Agency policy required that shortages of more than $100.00 had to be reported to the Postal Inspection Service. The postmaster testified that he included complainant as the possible suspect in the report to the Postal Inspection Service, although others had access to the retail stock, because complainant was the only full-time window clerk at the window for the majority of the day, had been discussing his wins and losses in recent NCAA college basketball pools, had flashed a large roll of bills and was wearing new shoes.

In May 2005, the Postal Inspection Service began an investigation of the shortages, including pulling the tape receipts from all of the individuals who had sales for a one-month period. Based on a review of this information, the investigating postal inspector testified that she determined that complainant had the most potential as a person of interest responsible for the shortages. She based this conclusion on the fact that complainant had a significant amount of one-stamp transactions. She testified that normally clerks average less than five one-stamp transactions in a week, while complainant had logged 284 one-stamp sales over the month period. Therefore, an investigation of complainant was started, including video surveillance. Complainant was subsequently issued an emergency placement off-duty because the video revealed that complainant was not inputting all his window transactions correctly, and the manager wished to prevent future loss in Postal funds. The AJ noted that the surveillance video (contained in the record) shows complainant scanning products and then voiding the sales and entering them for less than their actual prices. According to management, complainant was subsequently issued the notice of removal because he failed to offer an adequate explanation for why he was not inputting window transactions, and could he account for the monetary overages that should have been in his drawer when counted.

The AJ found that complainant failed to prove, by a preponderance of the evidence, that the agency's reasons were pretext for discriminatory animus.

After a review of the record in its entirety, including consideration of all statements submitted on appeal, it is the decision of the Equal Employment Opportunity Commission to affirm the final agency order because the Administrative Judge's ultimate finding, that unlawful

3                                    0120081887

employment discrimination was not proven by a preponderance of the evidence, is supported by the record.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0408)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0408)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you

4                                                          0120081887

work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

RIGHT TO REQUEST COUNSEL (Z0408)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:


*Carlton M. Hadden*
—————————————
Carlton M. Hadden, Director
Office of Federal Operations


**MAY 2 3 2008**
—————————————
Date

5                                    0120081887

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

John R. Garcia
426 Green Bay Ave
Calumet City, IL 60409

James W. Malone
APWU
POB 188
Bedford Park, IL 60499


U.S. Postal Service (Great Lakes)
NEEOISO - Appeals
U.S. Postal Service
PO Box 21979
Tampa, FL 33622-1979


MAY 2 3 2008
_____
Date


_____
Equal Opportunity Assistant



National EEO Services Office
**UNITED STATES**
**POSTAL SERVICE**

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
## IN THE MATTER OF:

| | |
|---|---|
| John R. Garcia )<br>426 Greenbay Avenue )<br>Calumet City    IL    60409-2508 )<br>Complainant, )<br><br>v. )<br>John E. Potter )<br>Postmaster General )<br>Respondent )<br><br>Great Lakes Area )<br>U.S. Postal Service )| **Delivery Confirmation Representative**  0307 1790 0001 0988 7833<br>**Delivery Confirmation Complainant**  0307 1790 0001 0988 7826<br><br>**EEOC Case No.:**    210-2005-00150X<br>**Agency Case Number:**    4J-604-0142-04<br>**Date Filed:**    August 19, 2004 |

## NOTICE OF FINAL ACTION

In accordance with Title 29, Code of Federal Regulations, Part 1614.110(a), this is the U.S. Postal Service's Notice of Final Action in your complaint of discrimination identified above.

On February 12 , 2008, Administrative Judge Winston J. Jackson Jr. of the Equal Employment Opportunity Commission (EEOC) issued a decision that was received by the Postal Service on February 15, 2008.

I have reviewed the entire record, including the investigative file and the transcript of the hearing held January 17, 2008, and I agree with the Administrative Judge that you have not shown that you were the victim of illegal discrimination. Consequently, I have decided to implement the decision of the AJ.

### Appeals to the EEOC

You have the right to appeal the Postal Service's final decision to the Director, Office of Federal Operations, EEOC, P.O. Box 19848, Washington, DC 20036-9848, within 30 calendar days of your receipt of this decision. You must use Form 573, a copy of which is enclosed, in connection with your appeal. You may also deliver your appeal in person or by facsimile provided that briefs filed by facsimile are ten or fewer pages in length. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation or brief were also submitted to the National EEO Investigative Services Office, NEEOISO - FAD, USPS, PO Box 21979, Tampa FL  33622-1979.

You are advised that, if you file your appeal beyond the 30-day period set forth in the Commission's regulations, you should provide an explanation as to why your appeal should be accepted despite its untimeliness. If you cannot explain why your untimeliness should be excused in accordance with 29 C.F.R. 1614.604, the Commission may dismiss the appeal as untimely.

John R. Garcia
Notice of Final Action
February 19, 2008
Page 2 of 2

**Right to File Civil Action**

Alternatively, if you are dissatisfied with the Postal Service's final decision in this case, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered. If you choose to file a civil action, that action should be captioned:

### JOHN R. GARCIA V. JOHN E. POTTER, POSTMASTER GENERAL

You may request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security. Whether these requests are granted or denied is within the sole discretion of the District Judge. Your application must be filed within the same 90-day time period for filing the civil action.

_____          02/19/2008

Rose M. Jones
Manager, EEO Services
PO Box 21979
Tampa FL  33622-1979

Enclosure: Appeal Form 573

cc:  Manager, Human Resources
     Central Illinois District
     6801 W 73rd Street
     Bedford Park           IL     60499-9994

     Winston J. Jackson Jr., Administrative Judge
     Chicago District Office
     500 W Madison St #2800
     Chicago                IL     60661-2511

     Regional Manager, EEO Compliance and Appeals
     Great Lakes Area
     244 Knollwood Drive 2nd Floor
     Bloomingdale           IL     60117-3010

     James Allen
     Great Lakes (and Lakeland) USPS Law Department
     222 S. Riverside Plaza, Suite 1200
     Chicago                IL     60606-6105

     James W. Malone, Representative
     PO Box 188
     Bedford Park           IL     60499-0188

*The U.S. Equal Employment Opportunity Commission*

### NOTICE OF APPEAL/PETITION
### TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

OFFICE OF FEDERAL OPERATIONS
P.O. Box 19848
Washington, DC 20036

**Complainant Information: (Please Print or Type)**

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | GARCIA, JOHN R. |
| Home/mailing address: | 426 GREEN BAY AVENUE CALUMET City, IL 60409-2508 |
| City, State, ZIP Code: | CALUMET City, IL 60409-2508 |
| Daytime Telephone # (with area code): | N/A |
| E-mail address (if any): | N/A |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | ✓ |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**JAMES W. MALONE**
General President
Union Office: 708-563-2946
Fax: 708-563-9860
Home: 708-647-9156

American Postal Workers Union, AFL-CIO

SOUTH SUBURBAN AREA LOCAL
P.O. Box 188, Bedford Park, IL 60499-0188

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | U.S. POSTAL SERVICE |
| Identify the Agency's complaint number: | 4J-604-0142-04 |
| Location of the duty station or local facility in which the complaint arose: | 6801 W. 73RD STREET BEDFORD PARK, IL 60499 |
| Has a final action been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ✓ Yes; Date Received 3-7-08 (Remember to attach a copy) No This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, another agency, or through any other administrative or collective bargaining procedures? | ✓ No Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ✓ No Yes (Attach a copy of the civil action filed) |

NOTICE: Please attach a copy of the final decision or order from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC and with the agency within 30 days of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| | |
|---|---|
| Signature of complainant or complainant's representative: | *[signature]* |
| Date: | March 6, 2008 |

EEOC Form 573 REV 1/01 (page 1 of 1)

John R. Garcia
March 5, 2008
Page 1 of 4

EEOC Case No: 210-2005-0015X
Agency Case No: 4J-604-0142-04

**U. S. Equal Employment Opportunity Commission**
**Office of Federal Operations**
**P. O. Box 19848**
**Washington, DC 20036**

| | | |
|---|---|---|
| **JOHN R. GARCIA**<br>    **Complainant,** | ) | |
| | ) | |
| | ) | |
| | ) | **Agency Case No.** |
| **v.** | ) | **4J-604-0142-04** |
| | ) | |
| | ) | |
| **JOHN E. POTTER,** | ) | |
| **Postmaster General** | ) | |
| **United States Postal Service,** | ) | **March 6, 2008** |
|     **Agency.** | ) | |
| | ) | |

## <u>Complainant's Appeal of the Agency's Final Action</u>

This is written to appeal the final decision of the U. S. Postal Service to the above referenced case.

The discrimination in this instant case took place when Postmaster Patrick Kavanaugh of the Hazel

Crest Post Office terminated the Complainant, John R. Garcia, a Mexican-American, for

"UNACCEPTABLE CONDUCT AS EVIDENCED BY YOU FAILURE TO PROPERLY

COMPLETE WINDOW TRANSACTIONS RESULTIN IN OVERAGES TO YOUR DRAWER

FOR WHICH WERE NEVER ACCOUNTED FOR" an unspecified amount of monies,

approximately (fourteen) $14.00 dollars. [(Investigative File, Exhibit 4, pg 1 thru 5); (Trial

Transcript (TT) pg. 143, line 16 thru pg. 144. line 3)]

1. The Complainant is the only Mexican-American working in the Hazel Crest Post Office that

    employs approximately thirty-seven (37) employees.

2.  The Complainant was first discriminated against by Postmaster Kavanaugh when he named the Complainant as a suspect *because the Complainant bet on the Final Four and flashed a roll of money and he had new shoes.* [Trial Transcript (TT); pg. 121, line 16 thru pg. 122, line 20]

3.  The Complainant's Accountable Drawer was not counted on the date the video was recorded that meant there was not an actual count of the shortage or overage on the date that the Complainant was charged with  miscount. [TT; pg. 137, line 19 thru 23]

4.  Postal Inspector Ramona Parker testified that the Complainant, a Mexican-American  was the only employee of the Hazel Crest Post Office with accountability that the Inspection Service conducted a video surveillance of. [TT; pg. 180, line 6,7 ]

5.  Postal Inspector Parker testified that it is the Inspection Service policy that they do not issue discipline nor did they recommend any discipline in this case. [TT; pg.189, line 11 thru 18]

6.  Postmaster Kavanaugh wrongfully stated that all employees with accountability stock at the Hazel Crest Post Office had been investigated by the Inspection Service.  This statement demonstrated that Postmaster Kavanaugh did not carefully review the Investigative Memorandum from the Inspection Service but simply use this opportunity to discriminate against and terminate the Complainant from the Postal Service. [TT; pg 145, line 19thru pg. 146, line 11]

7.  The Complainant was terminated for making wrong inputs into his POS machine.  However, Postmaster Kavanaugh testified that he had no knowledge of how much money or stock was missing on the date of  May 5th, 2004,  the video was made and the same date the Complainant was discharged for the infraction.  Postmaster Kavanaugh repeatedly testified that he did not

know the amount of the shortage or overage. The Complainant was not charged with an exact

amount. The Complainant accountable draw was within tolerance on the date it was

counted by the Postal Inspectors. [TT; pg. 143, line 16 thru pg. 144, line 7] [TT; pg. 144,

Line 23 thru pg. 145, line 2]

8. The Complainant was terminated for an undetermined amount. The video did not reflect any

unusual movements nor did it reflect the Complainant going to his pockets nor wrongfully taking

any monies. No employee of the Hazel Crest Post Office has ever been terminated for this small

of an infraction. [TT; pg. 141. line 5]

9. The comparison employee, John C. Gosciej, (white-male over 40) was issued a Notice of

Removal in 2003 for forgery of which Postmaster Kavanaugh was the Concurring Official.

Forgery is a serious offense within the Postal Service. However,  That Removal was reduced to

a Letter of Warning while at a year later, in 2004, the Complainant was terminated for a $14

dollar mistake at the same Postal Office and Officials. (Investigative File Exhibit 11, pg. 1

thru 4)

10. .The Complainant was basically charged with making mistakes. He was not charged

with stealing. [(TT pg. 141, line 2 thru 50); TT pg 146, line 20 thru pg. 147, line 13)]

Therefore, after carefully reviewing the transcripts of the trial proceeding it was proven that the

Complainant was a victim of Racial Discrimination and we respectfully request that his termination be

overturned and the Complainant be reinstated to his position and be made whole for all loss time and

entitlements.

Sincerely,

JAMES W. MALONE
Representative/General President
American Postal Workers Union
South Suburban Facility

Sincerely,

JOHN R. GARCIA

Agency Case No: AJ-604-0142-04

John R. Garcia
March 5, 2008
Page 4 of 4

EEOC Case No: 210-2005-0015X
Agency Case No: 4J-604-0142-04

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 6, 2008, the foregoing **Complainant's Appeal of the Agency's**

**Final Action** was mailed to the following via first class mail:

**James Allen**
**USPS Law Department**
**225 N. Humphreys Blvd.**
**Memphis, TN 38166-0170**

James W. Malone