## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3366 | **DATE** | 6/18/2008 |
| **CASE TITLE** | Garcia vs. U.S. Postal Service, et al | | |

**DOCKET ENTRY TEXT**

Because Garcia has not demonstrated indigence, we deny both his *in forma pauperis* application and his motion for appointment of counsel. Plaintiff can cure this defect by resubmitting an amended and fully complete financial affidavit no later than July 15, 2008, or by promptly paying the filing fee. It is so ordered.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

(Reserved for use by the Court)

## ORDER

Presently before us is John R. Garcia's ("Garcia") application to proceed *in forma pauperis* and motion for appointment of counsel in his employment discrimination case against his former employer, the U.S. Postal Service, and Postmaster General John E. Potter. Pursuant to the relevant statute, we may grant leave to file *in forma pauperis* if the plaintiff demonstrates indigence. 28 U.S.C. § 1915(a)(1). If necessary, we next conduct an initial review of Garcia's claims and dismiss the action if we find that (I) it is frivolous or malicious; (2) it fails to state a claim upon which relief may be granted under Rule 12(b)(6); or (3) it seeks damages from a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

In support of his allegation of poverty, Garcia submitted the required financial affidavit. Garcia states therein that he is employed with a bi-weekly salary of $213. Furthermore, Garcia identifies a dependent who requires $340 bi-weekly in support. Garcia's mother, who lives at the same residence, is employed and earns an unspecified salary exceeding $200 in the past twelve months. She also owns various stocks, bonds, and/or securities of an unknown value, as well as personal property (a car) worth more than $1,000. Garcia, however, failed to answer question four on the financial affidavit, concerning any bank or similar accounts he might hold. Therefore, it is unclear whether Garcia or anyone else living at the same residence has more than $200 in cash, checking, or savings accounts. Accordingly, we cannot find that Garcia has evidenced his inability to pay based on this incomplete financial affidavit. *See Jones v. Harrison,* No. 04 C 3287, 2004 WL 1088232, at *1 (N.D. Ill. May 14, 2004) ("The court's review of plaintiff's eligibility to proceed *in forma pauperis* is hindered by plaintiff's incomplete financial affidavit."). Because Garcia has not demonstrated indigence, we deny both his *in forma pauperis* application and his motion for appointment of counsel. Plaintiff can cure this defect by resubmitting an amended and fully complete financial affidavit no later than July 15, 2008, or by promptly paying the filing fee. It is so ordered.

| |
|---|
| **STATEMENT** |
| *Marvin E. Aspen* |