(Reserved for use by the Court)

# ORDER

On June 18, 2008, we denied John R. Garcia's ("Plaintiff") application to proceed *in forma pauperis* and his motion for appointment of counsel because his financial affidavit was incomplete. However, we indicated that he could file an amended affidavit with the missing information. Presently before us is his amended application to proceed *in forma pauperis* and motion for appointment of counsel for his employment discrimination case against his former employer, the U.S. Postal Service and Postmaster General John E. Potter.

Before granting leave to file *in forma pauperis*, we must first determine whether Plaintiff is indigent. 28 U.S.C. § 1915(a)(1). We then review his complaint and dismiss it if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim under Rule 12(b)(6); or (3) it seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(A), (B)(I)-(iii). Pursuant to Rule 12(b)(6), we may dismiss a complaint if it fails to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," or if it fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). However, because Plaintiff proceeds *pro se*, we have a special responsibility to construe the complaint liberally, however inartfully pleaded. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

With regard to his allegation of poverty, Plaintiff's amended financial affidavit states that he is currently employed with the Thornton Township and receiving a bi-weekly salary of $213.00. He also claims that he has one dependent who requires $340 in bi-weekly support. Plaintiff indicates that he does not have any other source of income or assets. Thus, he has an annual income below the poverty threshold of $14,000. (*See* 2008 Health and Human Services Poverty Guidelines). Additionally, his affidavit indicates that his mother, who lives at the same residence, is employed and earns an unspecified annual salary exceeding $200; owns a bank account of unknown value; owns stocks, bonds, securities or other financial instruments of unknown value; and has a car. However, absent evidence that Plaintiff's mother is legally responsible for Plaintiff, we will not take her assets into account in determining Plaintiff's financial status. *See United States v. Scharf*, 354 F. Supp. 450, 452 (E.D. Pa. 1973) ("Assets of relatives who have no legal responsibility for petitioner's welfare, such as the parents of an emancipated child, should not be considered in determining whether the petitioner should be allowed to proceed *in forma pauperis*."). Thus, Plaintiff has established indigence.

We next must review the sufficiency of his complaint. Plaintiff, a former U.S. postal employee, alleges that his employer discriminated against him based on age, national origin, and/or sex discrimination, and retaliated against him for filing a complaint. (Compl. ¶¶ 9, 12). Examining the allegations as well as the attached EEOC procedural history, we find that Plaintiff has sufficiently stated a claim to survive this stage of review.

Given that Plaintiff has established indigence, we turn to his motion for appointment of counsel. In order for this court to grant a motion for appointment of counsel, the litigant must: (1) make a reasonable attempt to obtain private counsel, *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995), and (2) appear incapable of proceeding without representation, *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). We typically require a litigant to submit documentation that demonstrates the refusal of various attorneys to accept the case. Plaintiff, however, did not support his motion by attaching copies of any solicitation letters or other documentation. *See Benford v. Cahill-Masching*, No. 03 C 2643, 2003 WL 22669036, at *1 (N.D. Ill. Nov. 10, 2003). While Plaintiff claims that he contacted three attorneys, we do not believe this meager effort is reasonable under the circumstances, particularly because plaintiffs in employment cases are often able to secure counsel on a contingency basis or for a modest fee. In addition, the legal issues raised by Plaintiff's claims do not appear so complex or intricate that a trained attorney is necessary at this early stage. Thus, he has not made the threshold showing for appointment of counsel.

For the foregoing reasons, we grant Plaintiff's motion to proceed *in forma pauperis* and deny his motion for appointment of counsel. It is so ordered.

July 8, 2008                                                *Marvin E. Aspen* (signature)